**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CLIFFORD CARPENTER,**

    Plaintiff,

v.                                          Case No. 8:04-cv-2337-T-30TBM

**ASSURITY LIFE INSURANCE COMPANY,**

    Defendant.
_____/

**O R D E R**

THIS MATTER is before the court on **Defendant's Second Motion For Protective Order, Motion to Quash Subpoenas Directed to Attorneys and Incorporated Memorandum of Law and Request for Expedited Briefing and Ruling** (Docs. 36-37).[1] By its motion, Defendant seeks a protective order quashing subpoenas duces tecum served on October 27, 2005, seeking to compel three of its in-house attorneys to appear for deposition with certain specified documents on November 3-4, 2005.[2] As grounds, Defendant argues that the subpoenas failed to provide adequate notice pursuant to Local Rule 3.02(a), the anticipated areas of inquiry are subject to the attorney-client privilege, and Plaintiff is unable to demonstrate that the information sought is not available elsewhere.[3] Defendant also seeks

---

[1] Document Nos. 36 and 37 are identical. Document No. 36 is docketed as a Motion for Protective Order and Document No. 37 is docketed as a Motion to Quash.

[2] In particular, Defendant seeks to prohibit the depositions of John Ragsdale, Esq.; Keith Prettyman, Esq.; and Carol Watson, Esq.

[3] In support thereof, Defendant cites West Peninsular Title Co. v. Palm Beach County, 132 F.R.D. 301 (S.D. Fla. 1990); and N.F.A. Corp. v. Riverview Narrow Fabrics, 117 F.R.D. 83 (M.D. N.C. 1987).

an order striking items 8, 9 and 14 from the duces tecum request directed toward its in-house counsel, as well as its claims personnel,[4] on the basis that the information sought in those items is irrelevant to the instant breach of contract claim, invokes privacy concerns, and is overly broad.[5] Plaintiff has filed a response in opposition. (Doc. 39). A hearing on these matters was conducted November 1, 2005.

Rule 26(c) provides general authority for the issuance of orders protecting a party from "annoyance, embarrassment, oppression, or undue burden or expense" upon a showing of good cause.[6] Fed. R. Civ. P. 26(c). Rule 45(c)(3) directs a court to quash a subpoena if, among other factors, it fails to allow reasonable time for compliance,[7] requires disclosure of privileged matter and no waiver applies, or subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3). While Rule 45 does not include relevance as an enumerated reason for quashing a subpoena, it is well settled that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and Rule 34. Thus, the court must examine whether a request contained in a subpoena duces tecum is overly broad or seeking irrelevant information

---

[4] These include Caroline Chrastel, R.N., and Anne. E. Johnson. Defendant waives the requirement of ten (10) days notice with regard to these subpoenas duces tecum.

[5] Item No. 8 seeks "Your written job performance ratings or reports by whatever name called or identified from January 1, 2000 to the present." Item No. 9 seeks "Your employment agreement(s) with Assurity Life Insurance Company or Woodmen Accident and Life Insurance Company in effect from January 1, 2000 to the present. Item No. 14 seeks "Your payment check stubs and bonus or benefit record from Defendant from January 1, 2000 to the present."

[6] Additionally, when a motion is brought pursuant to Rule 26(c), the provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

[7] While the word "reasonable" is not defined, this court has determined that a party shall give at least ten (10) days notice in writing when noticing a deposition. See M.D. Fla. R. 3.02(a).

under the same standards set forth in Rule 26(b) and as applied to Rule 34 requests for production. See Fed. R. Civ. P. 45(d)(1) advisory committee's note to the 1970 Amendment ("[t]he changes make it clear that the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules."); see also 9A Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure 2459 (2d ed.1995) (scope of discovery through a subpoena is "exceedingly broad" and incorporates the provisions of Rule 26(b) and Rule 34).

Upon consideration, and for the reasons stated more thoroughly at hearing, Defendant's motions (Docs. 36-37) are GRANTED in part and DENIED in part. The depositions of John Ragsdale, Esq.; Keith Prettyman, Esq.; and Carol Watson, Esq., are STAYED pending the outcome of the depositions of the claims personnel responsible for Mr. Carpenter's claim. As addressed at the hearing, this Order is predicated on the assumption that none of these individuals were involved in claims processing or other business activity or decisions related to Mr. Carpenter's claim and acted only as attorneys on behalf of the company. Should it develop from the testimony of the claims personnel that this assumption is incorrect, then a deposition of counsel would be appropriate and the courts expects counsel to cooperate in this regard. Additionally, counsel for Defendant shall submit for this court's *in camera* review those documents and memorandum which it has declined to produce on grounds of privilege. At present, the court will not require the claims personnel to produce the items requested in Nos. 8, 9, or 14 of the subpoena duces tecum, although the subject matter of these requests may be explored at depositions. As discussed at the hearing, should a

3

basis for the production of such matters develop at the depositions, the court expects counsel to cooperate in their production. To the extent not granted herein, the motions are DENIED.

**Done and Ordered** in Tampa, Florida, this 1st day of November 2005.

_____
THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record